IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MORRIS RUSSELL COE, JR., § § Plaintiff, § § v. § UNITED STATES OF AMERICA, et § al, § § Defendants. § | Case No. 3:23-cv-01627-E-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Morris Russell Coe, Jr. brings this *pro se* civil action against Defendants the United States of America, the Internal Revenue Service, IRS Agents, Deputy Assistant Attorney General d/b/a David A. Hubbert, the Department of the Treasury, and the Commissioner of Internal Revenue (collectively, "Defendants"). For the reasons explained below, the Court should **DISMISS** this case without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b).

## Background

Coe initiated this lawsuit on July 21, 2023, when he filed his original Complaint and paid the required filing fee. *See* Compl. (ECF No. 3). The exact relief Coe seeks is unclear, but he appears to bring his claim as a "sovereign non-citizen" without legal domicile, and requests that the IRS send him certain documentation allegedly in its possession. *See id.* at 11–14. Coe named several

entities and individuals as Defendants—namely the United States of America, the Internal Revenue Service, IRS Agents, Deputy Assistant Attorney General d/b/a David A. Hubbert, the Department of the Treasury, and the Commissioner of Internal Revenue—but only attempted service on only one Defendant, David A. Hubbert. *See id.* 19, 52–54; Not. Service (ECF No. 6). Noting this failing, the Court issued a Show Cause Order on November 30, 2023, over four months after Coe filed his Complaint, instructing Coe to show cause in writing why his lawsuit should not be dismissed for failure to properly or timely serve Defendants. Order (ECF No. 7). The Court warned Coe that his lawsuit would be dismissed if he did not respond with good cause. The December 13, 2023 deadline set by the Order passed without a response from Coe.

**Legal Standards**

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone*

2

*Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

As the Court noted in its Order, Rule 4 governs the requirements for service of process in federal court and explains the requirements for serving a United States agency, officer, or employee. *See* Fed. R. Civ. P. 4(i)(2), (3). If a plaintiff does not properly serve a defendant within 90 days after the complaint is filed, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). A plaintiff's *pro se* status does not excuse the failure to properly effect service of process. *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam).

**Analysis**

The Court should dismiss this action under Rules 41(b) and 4(m). *Pro se* plaintiffs are entitled to notice before a district court dismisses an action *sua sponte* for failure to timely serve a defendant under Rule 4(m). *Lyons v. Starbucks Coffee Co.*, 2020 WL 5732638, at *5 (N.D. Tex. Aug. 24, 2020), report and recommendation adopted, 2020 WL 5710245 (N.D. Tex. Sept. 24, 2020). Coe received the required notice—in its Show Cause Order, the Court warned Coe that failure to properly serve Defendants could result in dismissal of his lawsuit under Rule 4(m). *See* Order 2. Because Coe has failed to properly serve Defendants and more than 90 days have elapsed since he filed his Complaint, the Court should

dismiss this action. *See Gaivehchi v. Bierman*, 2019 WL 6120137, at *1 (N.D. Tex. Oct. 1, 2019), report and recommendation adopted, 2019 WL 6118563 (N.D. Tex. Nov. 15, 2019).

Dismissal is also warranted under Rule 41(b). Coe has failed to comply with a Court order directing him to show cause for his failure to serve the Defendants. Indeed, in nearly five months, Coe has made no apparent effort to prosecute his case beyond filing his original Complaint and attempting to serve only one of the six Defendants. By failing to properly serve Defendants and comply with the Court's order regarding service of process, Coe has prevented this action from proceeding. The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice. *See Gaivehchi*, 2019 WL 6120137, at *3.

## Recommendation

Due to Coe's failure to comply with a Court order, prosecute his case, and properly serve Defendants, the Court should **DISMISS** this case **without prejudice.**

**SO RECOMMENDED.**

December 21, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).